UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANFORD WILLIAMS, JR., <br><br> Petitioner, <br><br> v. <br><br> COMMONWEALTH OF PA, et al., <br><br> Respondents. | CIVIL ACTION NO. 3:20-CV-01738 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a motion to amend filed by Petitioner Sanford Williams, Jr.'s ("Williams") on February 22, 2022. (Doc. 29). The original petition was filed on September 24, 2020, against Respondents Commonwealth of PA and PA Attorney General (collectively, "Respondents"). (Doc. 1, at 1). Respondents filed their response to the petition on January 14, 2021, and Williams filed a traverse on April 2, 2021. (Doc. 12; Doc. 19).

In his proposed amended petition, Williams attempts to clarify the claims asserted in his original petition. (Doc. 1; Doc. 29). Williams alleges claims of false arrest, wrongful imprisonment, malicious prosecution, conspiracy, and violations of his due process rights. (Doc. 29, at 1-5). Further, Williams challenges the legality of his sentence and the parole board's determination to increase his sentence to end on May 22, 2022. (Doc. 29, at 5-6).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On September 24, 2020, Williams initiated this action by filing a *pro se* petition challenging his October 7, 2019, conviction and December 19, 2019, sentence in the Court of

Common Pleas of Adams County.¹ (Doc. 1, at 1); *Commonwealth v. Williams*, No. CP-01-CR-413-2019 (Adams Cty. Ct. Com. Pl.). Williams also filed a motion for leave to proceed *in forma pauperis* and a notice of election form electing to have the Court rule on his petition under 28 U.S.C. § 2254 on the same day. (Doc. 2; Doc. 4).

On November 24, 2020, the Court granted Williams's motion for leave to proceed *in forma pauperis* and ordered Respondents to file an answer, motion, or other response to the allegations of Williams's petition, and on January 14, 2021, Respondents filed their response to Williams's petition. (Doc. 8; Doc. 12). Williams filed a motion for production of documents on January 28, 2021, a motion for order for appeal bail on February 11, 2021, and a motion for an order to be released on appeal bail pending the resolution of this case on April 14, 2021. (Doc. 14; Doc. 16; Doc. 21). On April 7, 2021, the Court struck Williams's motion for production of documents as improper and denied Williams's motion for appeal bail. (Doc. 20). Additionally, the Court struck Williams's motion to be released on appeal bail as moot because Williams was no longer incarcerated on the date of the Order, August 30, 2021. (Doc. 23). Williams filed a motion for extension of time to show cause on December 30, 2021, and a motion to amend his petition on February 22, 2022.² (Doc. 27; Doc. 29).

In his motion to amend, Williams appears to clarify his previous alleged claims against Respondents. (Doc. 29, at 1-7). Specifically, Williams states that a Pennsylvania State Police

---

¹ This is a matter of public record of which the Court may properly take judicial notice. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

² In his motion for extension of time, Williams requests an extension of time "to show cause why [his] case should[d] not be dismissed." (Doc. 27, at 2). Because Williams has already filed a traverse in this case and the Court considers his motion to amend *infra*, Williams's motion for extension of time shall be STRUCK as MOOT. (Doc. 19; Doc. 27; Doc. 29).

Officer (the "police officer") made "false statements against him" and challenges the probable cause supporting his arrest. (Doc. 29, at 1-2). Williams also alleges claims of conspiracy against the police officer, a Walmart employee, the Commonwealth of Pennsylvania, and the Public Defender's Office. (Doc. 29, at 4-5). Williams describes a conspiracy "to file false charges against [him] and to enhance them into felony offenses." (Doc. 29, at 4). Next, Williams states that the Commonwealth and the Public Defender's Office conspired together and violated his due process rights when they "'[c]olluded' . . . to obtain a conviction against [him]" by convincing him to enter a guilty plea and by withholding important evidence which was favorable to Williams and led to his wrongful imprisonment. (Doc. 29, at 4-5). Finally, Williams challenges the length of his sentence and asserts that the Pennsylvania State Parole Board failed to remedy the illegal nature of his sentence and enhanced his sentence by six months. (Doc. 27, at 5-6). Williams further states that he has been "imprisoned longer than what was required . . . as an act of 'Cruel and Unusual Punishment.'" (Doc. 29, at 6).

II. **DISCUSSION**

Williams attempts to amend his petition to succinctly allege his previously asserted claims. (Doc. 29, at 1-7). "Motions to amend § 2254 petitions are governed by the Federal Rules of Civil Procedure." *Futrell v. Varano*, 2017 WL 5078063, at *13 (M.D. Pa. Nov. 21, 2016) (citing 28 U.S.C. § 2242). Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Fed. R. Civ. P. 15. Rule 15 provides for three ways by which a party may potentially amend a pleading: (1) as a matter of course; (2) with the opposing party's written consent; or (3) by leave of court. Fed. R. Civ. P. 15. At this stage of litigation, Williams is not entitled to amendment as a matter of course, thus, absent the opposing party's written consent, the court's leave is required for him to amend. Fed. R. Civ. P. 15(a). Neither

Williams nor the Respondents have indicated whether Respondents have consented to his proposed amendment, so the court's leave is required for Williams to amend his petition. Fed. R. Civ. P. 15(a)(d); (Doc. 29).

      Decisions regarding motions to amend are committed to the court's broad discretion and will not be disturbed absent an abuse of that discretion. That discretion is guided by an animating principle embodied by Rule 15: that leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason ... the leave sought should, as the rules require, be 'freely given.'"). However, even under this liberal standard, a motion for leave to amend may be denied when justified. Permissible justifications for denial of leave to amend include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

      "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Futrell*, 2017 WL 5078063, at *13 (internal citations omitted). However, "delay alone . . . is an insufficient ground upon which to deny a motion to amend . . . . Rather, the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed." *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1212 (3d Cir. 1984) (citing *Cornell and Co., Inc., v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 1978)); *see also Dull v. West Manchester Tp. Police Dept.,* No. 1:07-CV-0307, 2008 WL 717836, at *6 (M.D. Pa. Mar. 17, 2008). Further, "there is no presumptive period during which such a motion is considered 'timely' or after which delay becomes

'undue.'" *Bjorgung v. Whitetail Resort,* No. 03-2114, 2007 WL 2906267, at *2 (M.D. Pa. Sept. 28, 2007) (quoting *Arthur v. Maersk, Inc.,* 434 F.3d 196, 205 (3d Cir. 2006)); *see also Ogelsby v. Ferguson*, No. 19-cv-5598, 2021 WL 2935987, at * 4 (E.D. Pa. July 13, 2021);.

In his original petition, William alleges claims of malicious prosecution, false arrest, conspiracy, and challenges the legality of his sentence and parole determination. (Doc. 1, at 6-9; Doc. 1-1, at 6-17). In the amended petition, Williams asserts the same claims with the same corresponding facts, just in a more concise manner. (Doc. 29, at 1-7). As Williams's proposed amended petition does not include new factual issues or claims and Respondents have not indicated that they will be prejudiced due to the delayed amendment, justice is served by allowing Williams to amend his petition. *See Langbord v. U.S. Dep't of the Treasury*, 749 F. Supp. 2d 268, 271-75 (E.D. Pa. 2010) (holding that a motion to amend filed four years after the complaint was not unduly delayed because it "neither introduce[d] new factual issues nor revive[d] irrelevant disputes" and did not prejudice the defendant).

However, Williams's amended petition was filed on February 22, 2022, over seven months after the statute of limitations expired on July 19, 2021. (Doc. 29). Williams "is time-barred to assert any new grounds for habeas relief outside of the one-year [statute of limtiations] period." *Crawford v. U.S.*, No. 03-105, 2010 WL 3910102, at *2 (E.D. Pa. Oct. 4, 2010) (citing *U.S. v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)). Thus, the Court must determine whether Williams's amended petition "relates back" to the date of his original petition under Rule 15(c) of the Federal Rules of Civil Procedure. *See United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019); *Crawford*, 2010 WL 3910102, at *2.

Rule 15(c) provides that an amendment "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct,

- 5 -

transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c); *see also Rice v. Vaughn*, No. 01-5602, 2006 WL 3061538, at *1 (E.D. Pa. Oct. 26, 2006) (internal citations omitted) ("Amendments to habeas petitions made after the AEDPA statute of limitations has run relate back to the date of the original pleading and avoid the applicable one year statute of limitations only if the original and amended pleadings arise out of the [same] conduct, transaction, or occurrence.") If the amendment meets the requirements of Rule 15(c), "the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint." *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001); *see also Garvin v. City of Phila.,* 354 F.3d 215, 222 (3d Cir. 2003) (a court "surely [does] not abuse its discretion" in denying a motion to amend if the amendment "would not relate back"). However, the Supreme Court has warned of broad interpretation of a "conduct, transaction, or occurrence" that encompasses "a 'habeas petitioner's trial, conviction, or sentence,' reasoning that '[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the conditionally of a conviction or sentence, and commonly attack proceedings anterior thereto.'" *Santarelli*, 929 F.3d at 101 (quoting *Mayle v. Felix*, 545 U.S. 644, 656-57 (2005)) (alteration in original). "[A]mendment relates back to a habeas petition under Rule 15(c) '[s]o long as the original and amended petitions state claims that are tied to a *common core of operative facts*." *Santarelli*, 929 F.3d at 101 (quoting *Mayle*, 545 U.S. at 664) (alterations and emphasis in original). The key question is whether the respondents have been offered "fair notice of the general fact situation and the legal theory upon which the amending party proceeds." *See Santarelli,* 929 F.3d at 101 (quoting *Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012)).

In the case at bar, Williams's petition "merely raise[s], in greater specificity, the same claims in his original petition." See *Crawford*, 2010 WL 3910102, at *3; (Doc. 29, at 1-7). "Amendments that restate original claims with greater particularity or amplify circumstances surrounding pertinent conduct, transaction or occurrence in the preceding pleading relate back to date of the original pleading." *Crawford*, 2010 WL 3910102, at *3 (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). As noted *supra*, the allegations stated in Williams's desired amendment assert the same claims and conduct that were alleged in his original pleading. (Doc. 1, at 6-9; Doc. 1-1, at 6-17); *see* Fed. R. Civ. P. 15(c)(1)(B). Williams does not state any new causes of action but rather attempts to assert his originally stated claims with greater particularity. (Doc. 29, at 1-7). Because Williams's desired additions involve the same conduct and claims asserted in the original petition, Respondents received "fair notice" of the facts and legal assertions and Williams's amended allegations relate back to the date of their original petition. *See Santarelli* 929 F.3d at 101-03.

In the interest of justice, the Court will grant Williams's motion to amend his petition. (Doc. 29).

### III. CONCLUSION

For the foregoing reasons, Williams's motion to amend is **GRANTED**. (Doc. 29). Williams's amended petition and corresponding supplement now serve as the acting petition in this matter. (Doc. 29; Doc. 30). Respondents shall file a response to the amended petition within 21 days of the corresponding Order. Williams may file a reply to Respondents' response within 14 days of its filing. Additionally, Williams's motion for extension of time is **STRUCK** as **MOOT**. (Doc. 27).

An appropriate Order will follow.

BY THE COURT:

Dated: May 17, 2022

*s/Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**